# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MATTHEW EDWARDS, et al., | Case No. 1:14-mc-00007-SAB |
| Petitioners, | ORDER DENYING PETITIONERS' MOTION FOR RECONSIDERATION |
| v. | (ECF Nos. 12, 13, 14) |
| CALIFORNIA DAIRIES, INC., | |
| Respondent. | |

This matter arises on Petitioners' motion for reconsideration on the order denying their motion to compel production. The Court having reviewed and considered the motion, opposition and reply, finds this matter suitable for decision without oral argument. <u>See</u> Local Rule 230(g). Accordingly, the previously scheduled hearing set on July 16, 2014 will be vacated and the parties will not be required to appear at that time. For the reasons set forth below, the motion for reconsideration shall be denied.

**I.**

**BACKGROUND**

On September 26, 2011, Plaintiffs Matthew Edwards and Georgia Browne ("Petitioners"), on behalf of themselves and all others similarly situated, filed this class action against Defendants National Milk Producers Federation; Dairy Farmers of America, Inc.;

1  Dairylea Cooperative, Inc.; Agrimark, Inc.; and Land of Lakes, Inc.[1]  In the action, Plaintiffs
2  allege that the Defendants conspired to slaughter milk cows in order to artificially inflate milk
3  prices from 2004 to the present in violation of state antitrust laws.  (Consolidated Amended Class
4  Action Complaint 47,[2] Edwards v. National Milk Producers Federation, No. 3:11-cv-04766-JSW
5  (N.D. Cal. Aug. 20, 2012), ECF No. 110.)  At the time that this Court was entertaining
6  Petitioners' motion to compel in this action, a motion to certify the class was pending in
7  Edwards.  (Id. at ECF No. 232.)

8  Meanwhile on October 7, 2013, Petitioners served the subpoena duces tecum which is the
9  subject of the instant dispute on Respondent California Dairies, Inc. ("CDI").  (Decl. of Elaine T.
10 Byszewski ¶ 4, ECF No. 4 at 19.)  Respondent objected to the subpoena and, after several
11 attempts to meet and confer, the parties were unable to come to an agreement on production of
12 the requested information.  (Id. at ¶¶ 5, 6, 7.) On February 13, 2014, Petitioners filed a motion to
13 compel Respondent to comply with the subpoena in the Eastern District of California.  (ECF No.
14 1.)  A hearing on Petitioners' motion was held on March 26, 2014.  (ECF No. 5.)  The parties
15 were allowed to submit supplemental briefing.  Petitioner filed an amended motion to compel on
16 April 18, 2014.  (ECF No. 8.)  Respondent filed an opposition on March 9, 2014, and Petitioner
17 filed their reply on May 16, 2014.  (ECF Nos. 9, 10.)

18 On June 2, 2014, this Court issued an order denying Petitioners' motion to compel.  (ECF
19 No. 11.)  On June 18, 2014, Petitioners filed a motion for reconsideration.  (ECF No. 12.)
20 Respondent filed an opposition to the motion for reconsideration on July 2, 2014.  (ECF No. 13.)
21 Petitioners filed a reply on July 9, 2014.  (ECF No. 14.)

## II.

## LEGAL STANDARD

24  As relevant here, Rule 60(b) of the Federal Rules of Civil Procedure provides that "[o]n

---

[1] The Court takes judicial notice of Edwards v. National Milk Producers Federation, No. 3:11-cv-04766-JSW (N.D. Cal).

[2] All references to pagination of specific documents pertain to those as indicated on the upper right corners via the CM/ECF electronic court docketing system.

1  motion and just terms, the court may relieve a party . . . from a final judgment, order, or
2  proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other
3  reason that justifies relief." Fed. R. Civ. Proc. 60(b). Where none of these factors is present the
4  motion is properly denied. Fuller v. M.G. Jewelry, 950 F.2d 1437, 1442 (9th Cir. 1991).

5  Federal Rule of Civil Procedure 60(b)(6) allows the Court to relieve a party from an order
6  for any reason that justifies relief. Rule 60(b)(6) "is to be used sparingly as an equitable remedy
7  to prevent manifest injustice and is to be utilized only where extraordinary circumstances . . ."
8  exist. Harvest v. Castro, 531 F.3d 737, 749 (9th Cir. 2008) (internal quotations marks and
9  citation omitted). The moving party "must demonstrate both injury and circumstances beyond
10 his control . . . ." Id. (internal quotation marks and citation omitted).

11 Further, Local Rule 230(j) requires, in relevant part, that Plaintiff show "what new or
12 different facts or circumstances are claimed to exist which did not exist or were not shown upon
13 such prior motion, or what other grounds exist for the motion," and "why the facts or
14 circumstances were not shown at the time of the prior motion."

15 "A motion for reconsideration should not be granted, absent highly unusual
16 circumstances, unless the district court is presented with newly discovered evidence, committed
17 clear error, or if there is an intervening change in the controlling law," and it "may *not* be used to
18 raise arguments or present evidence for the first time when they could reasonably have been
19 raised earlier in the litigation." Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co., 571
20 F.3d 873, 880 (9th Cir. 2009) (internal quotations marks and citations omitted) (emphasis in
21 original).

22                                                    **III.**
23                                              **DISCUSSION**

24 Petitioners move for reconsideration under Rules 60(b)(1) and (b)(6).
25 **A.      Rule 60(b)(1)**
26 Petitioners contend that "based on a mistaken argument by CDI, the Court's Order"
27 mistakenly states that "Petitioners cite to a website address which does not produce the
28 referenced article." (Order Denying Petitioners' Motion to Compel 9:3-6, ECF No. 11.)

1    In support of their motion to compel, Petitioners referenced an article and provided a citation to the internet page on which the document would be located. The Court attempted to use the citation provided by Petitioner to locate the article, but the address provided returned the same results reported by Respondent, "Sorry, the page you requested was not found on our server." The Court also searched the website itself for the article and did not locate it. The Court did not accept a "mistaken argument by CDI", but did attempt to locate the article at the website address provided in Petitioners' motion.

Petitioners' now provide a copy of the article which contains the correct address at which it is located.[3] Respondents raised the issue that the link did not produce the article referenced in their opposition to the amended motion to compel. Petitioners provided the same incorrect website address for the article in their reply. (See Reply 6 n.12, ECF No. 10.) "Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1)." Engleson v. Burlington Northern R. Co., 972 F.2d 1038, 1043 (9th Cir. 1992) (internal punctuation and citations omitted). Petitioners' motion for reconsideration pursuant to Rule 60(b)(1) on the basis of mistake is therefore denied.

**B.    Rule 60(b)(6)**

"Rule 60(b)(6) is a catch-all provision that allows a court to vacate a judgment for 'any other reason justifying relief from the operation of the judgment.' That rule 'has been used sparingly as an equitable remedy to prevent manifest injustice.' " Lehman v. United States, 154 F.3d 1010, 1017 (9th Cir. 1998) (quoting United States v. Alpine Land & Reservoir Co., 984 F.2d 1047, 1049 (9th Cir.1993)).. To obtain relief under Rule 60(b)(6), "the moving party must show 'both injury and that circumstances beyond its control prevented timely action to protect its interests.' " San Luis & Delta-Mendota Water Authority v. U.S. Dept. of the Interior, 624 F.Supp.2d 1197 (E.D. Cal. 2009) (citations omitted).

---

[3] The cite provided by Petitioners in the amended motion to compel was http://www.agweb.com/article/california_dairy_co-op_expands_product_portfolio_NAA_-Dairy_Today_Editors/. (Amended Motion to Compel 10 n. 26, ECF No. 8.) Attempts to locate the article returned "page not found". In the motion for reconsideration, Petitioners provide a copy of the article which contains the actual cite, http://www.agweb.com/article/california_dairy_co-op_expands_product_portfolio_NAA_Dairy_Today_Editors/. (Motion for Reconsideration, attached as Exhibit A, ECF No. 12-1 at 4-7.)The Court notes the original cite contained a dash in front of Dairy which is not in the actual cite.

Petitioners contend that the Court did not address their argument that it is irrelevant what the milk is ultimately processed into, but it is the large market share of the overall milk production that theoretically allows CDI to extract higher service charges. The Court did consider Petitioner's argument, but found that "[b]alancing the relevance of the discovery sought and Petitioners' need for the information against the potential hardship to non-party CDI in being required to turn over commercially sensitive trade secret information, without a stronger showing that the information is necessary in this action, non-party CDI's interest in the confidentiality of the information outweighs Respondents need for the information." (Order Denying Petitioners' Motion to Compel 9, ECF No. 11.) "A party seeking reconsideration must show more than a disagreement with the Court's decision, and recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden." United States v. Westlands Water Dist., 134 F.Supp.2d 1111, 1131 (E.D. Cal. 2001.)

Petitioners fail to meet the stringent requirements of Rule 60(b)(6). Even if the Court were to have considered the article referenced by Petitioners in the motion to compel, it would not have altered the Court's decision. The article states the percentage of milk produced by CDI in 2014. The underlying lawsuit is alleging that the slaughter of cows occurred from 2004 through 2010. (ECF No. 8 at 6.) While the Court recognizes that Respondents are attempting to show the effect of the slaughter of the cows on over order premiums charged over a period of time, CDI's market share in 2014 does not show that they had a similar share of the market during the relevant time period or that the over order premiums charged by CDI apply to the milk referenced in the article. This is not sufficient to change the balance of the factors to be weighed in favor of Petitioner.

///
///
///
///
///
///

**IV.**

**CONCLUSION AND ORDER**

Petitioners' have not presented any valid grounds for reconsideration pursuant to Federal Rules of Civil Procedure 60(b)(1) or (b)(6).

Based on the foregoing, IT IS HEREBY ORDERED that the hearing set for July 16, 2014 is VACATED and Petitioners' motion for reconsideration is DENIED.

IT IS SO ORDERED.

Dated:   **July 14, 2014**

UNITED STATES MAGISTRATE JUDGE